**WALLACE, Plaintiff, v. BONDED OIL COMPANY et, Defendants.**

Common Pleas Court, Clark County.

No. 49438. Decided March 26, 1958.

Rush & Henderson, Springfield, for appellant.

Wm. Saxbe, Atty. Genl., Eugene P. Everhart, John W. Hardwick, Asst. Attys. Genl., for the Administrator and Board of Review, Bureau of Unemployment Compensation.

## OPINION

By GOLDMAN, J.

This matter was submitted to the Court on the transcript, and briefs, and without oral argument.

At issue is appellant's right to receive Unemployment Compensation benefits for the week ending September 18, 1954. His application for unemployment benefits was originally allowed by the Administrator and confirmed by him upon reconsideration. Thereafter. the employer, Appellee herein, appealed from said decision and a hearing was held before a Referee in accordance with law. A transcript of the proceedings before the Referee was made and is a part of the record herein.

The Referee in his decision made certain findings of fact and reversed the decision of the Administrator hereinbefore referred to and disallowed appellant's claim for benefits.

The Referee found that "claimant was attending an established educational institution and is not eligible for benefits * * * benefit rights for week ending September 18, 1954, heretofore allowed are disallowed."

Appellant applied for leave to appeal from the Referee's decision to the Board of Review, Bureau of Unemployment Compensation. The Board of Review upon examination and consideration of the entire record found the following to be in issue; "suspension of benefit rights" (student regularly attending an established educational institution); and upon consideration of the entire record disallowed the application for further appeal, with one member of the Board, however, dissenting.

Thereafter Appellant filed his appeal to this Court claiming that the decision of the Board of Review was against the manifest weight of evidence and contrary to law.

In the decision appealed from the following sections of the Revised Code were considered to be applicable; §4141.29 (A)(4), and §4141.29 (C)(8) R. C.

The first of these sections deals with the subject of availability for work, and the latter section, insofar as it is applicable here, deals with the denial of benefits to a student regularly attending an established educational institution.

The Court has given careful consideration to the record and the authorities cited by the respective parties in support of their contentions.

The record discloses that the Appellant was employed by Bonded Oil Company, at night-time, from October to September 7, 1954. He was a graduate of Wittenberg College but during the time of his employment now under consideration was enrolled at Hamma Divinity School located on the Wittenberg Campus. The record discloses that his attendance at the Divinity School was on a part-time basis and suggests that the records of the school would indicate and support his uncontradicted con-

tention that he was not a full-time student carrying a full-time course; that whatever courses he did carry were with the understanding that they would not interfere with his availability for work; and that these courses could be and frequently were taken without actual attendance at lectures.

The record fails to disclose any information contradicting this testimony. Hamma Divinity College is located in Springfield where the hearings before the Referee took place. An examination of the college records was evidently made (see Appellee's brief, page 7) and revealed that the Appellant completed his three-year course in four years and is now a pastor in the State of Indiana, but significantly no further reference is made in the briefs or in the record with regard to the flexible nature of Appellant's enrollment or the part-time schedule of his attendance while at school, all of which the school records would disclose.

The record also overwhelmingly establishes that the Appellant was laid off from his employment because of lack of work and a force reduction. The record further amply discloses that the Appellant thereafter zealously and continuously looked for work as he was required to do by law.

In the light of this record, the Court is of the opinion that at the time under consideration, Appellant was "able to work and available for suitable work and actively seeking such work" §4141.29 (A)(4) R. C., and that a finding to the contrary is against the manifest weight of evidence, unreasonable, and contrary to law.

There remains the question, however, as to whether or not Appellant was unavailable for work and is barred from benefits because he "is a student **regularly attending** an established educational institution during the school term, etc." §4141.29 (C)(8) R. C. (Emphasis by the Court.)

The most recent and compelling authority on this question is the case of **Acierno v. General Fireproofing Company, et al. (166 Oh St 538)**, decided July 10, 1957, the syllabus of which reads as follows:

"1. Where a workman, employed on a full-time schedule and attending an established educational institution on a part-time schedule arranged so that such attendance does not conflict with such employment, is then laid off for lack of work, he is not thereby ineligible for unemployment benefits as a 'student regularly attending' such institution within the meaning of **subdivision (C)(8)** of §4141.29 R. C.

"2. In such a case, the words, 'regularly attending,' are intended to connote such attendance at such educational institution as would normally be required to complete the prescribed courses for graduation on the customary and usual schedule of such institution."

In the instant case, Appellant's attendance at Hamma Divinity College obviously was not of such character as would normally be required to complete the prescribed course for graduation on the customary and usual schedule of such institution, as admittedly, it took him four years to complete a normal three year course.

Appellee urges that the Acierno case is not applicable because in that case the employee was "a married man with dependent children and it was undisputed that his primary occupation is that of a workman rather

than a student." (See Appellee's brief, page 7.) But the record discloses that Appellant is in fact also a married man with a dependent child for whose support and maintenance he was responsible. (See Page 2, Transcript of Proceedings.)

This leaves for final consideration the question as to whether or not a person who depends on "employment," as defined in the act—§4141.01 R. C., for his livelihood and sustenance loses his rights to the benefits provided by the Unemployment Compensation Law, because he aspires to enter another calling or profession even while so employed and spends his free and available time in studying for such calling by enrollment in an educational institution on a part-time schedule which does not prevent him, however, from continuing his regular employment or changing the hours or conditions of such employment if that should be required.

This Court finds no persuasive authority, precedent or logic that would compel such a conclusion. To do so would result in unreasonable or absurd consequences and would require that little or no meaning be given to the qualifying words "**regularly attending**" as used in §4141.29 (C)(8) R. C.

It seems to this Court to so hold would be tantamount to clothing the Administrators of the law with authority to investigate and inquire into the mind of any workman to ascertain whether such workman entertains ambitions or intentions at some time in the immediate or distant future to advance himself, or to abandon or change his present job or trade and for that reason disqualify him from receiving benefits under the law, even though his preparation for such eventuality did not interfere in any way with his immediate employment as is clearly the situation in the instant case.

To illustrate further the unreasonable consequences of such a holding let us assume that Appellant had changed his mind about becoming a pastor before he completed his college course and continued instead in industrial or business employment as a means of livelihood. What then? Would he thereafter and retroactively have become eligible for benefits previously denied on the theory that it is now demonstrated that his primary objective was after all that of a workman rather than a student?

The Court is of the opinion that the letter and the spirit of §4141.46 R. C., which reads, "§4141.01 to §4141.46, inclusive, R. C., shall be liberally construed," require it to reach an opposite conclusion.

"The purpose of the unemployment compensation act is not only to avoid the serious conditions of economic insecurity suffered by the individual, but likewise is part of a plan to assist in the stabilization of unemployment conditions in the interests of the general welfare, and **such legislation is entitled to a fair and liberal interpretation not only by virtue of the express declaration of the legislature but also to effect the plain purpose of the legislation itself.**" (**Yobe v. Sherwin-Williams Co.. etc., 68 Abs 260.**)

The Court finds that Appellant was **not** "a student **regularly attending** an established educational institution," and that the decision below

as to this issue as well as the other issues in this case is against the manifest weight of the evidence, unreasonable and contrary to law.

For the reasons above stated, the decision rendered by. the Board of Review is hereby reversed and ordered vacated.